**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AHMED AL-MENHALI** | ) | |
| **c/o Friedman and Gilbert** | ) | **Case No.** |
| **55 Public Square, Ste 1055** | ) | |
| **Cleveland, OH 44113** | ) | **Judge** |
| | ) | |
| **-and-** | ) | **Magistrate Judge** |
| | ) | |
| **TAGHRID MILKI** | ) | **COMPLAINT** |
| **c/o Friedman and Gilbert** | ) | |
| **55 Public Square, Ste 1055** | ) | |
| **Cleveland, OH 44113** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **(JURY DEMAND ENDORSED** |
| | ) | **HEREON)** |
| **v.** | ) | |
| | ) | |
| **MARRIOTT INTERNATIONAL INC** | ) | |
| **dba Fairfield Inn and Suites** | ) | |
| **c/o Corporate Creations Network** | ) | |
| **119 E. Court Street** | ) | |
| **Cincinnati, OH  45202** | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| **MARRIOTT HOTEL SERVICES** | ) | |
| **dba Fairfield Inn and Suites** | ) | |
| **c/o Corporate Creations Network** | ) | |
| **119 E. Court Street** | ) | |
| **Cincinnati, OH  45202** | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| **INN ON THE RIVER'S EDGE, LP,** | ) | |
| **dba Fairfield Inn and Suits** | ) | |
| **c/o Michele J. Ruta** | ) | |
| **7704 Milan Road** | ) | |
| **Sandusky, OH 44870** | ) | |
| | ) | |
| **-and -** | ) | |
| | ) | |

**FAIRFIELD INN & SUITES AVON,**    )
**39050 Colorado Avenue**    )
**Avon, Ohio**    )
    )
  **-and-**    )
    )
**ALEXIS SILVA**    )
**3609 Meadowbrook Dr.**    )
**Lorain, OH 44052**    )
    )
  **-and-**    )
    )
**LAURA ACTON-BELL**    )
**33715 Schwartz Rd**    )
**Avon, Ohio 44011**    )
    )
  **-and-**    )
    )
**OFFICER HORTOBAGYI**    )
**c/o Avon Police Department**    )
**36145 Detroit Ave**    )
**Avon, OH 44011**    )
    )
  **-and-**    )
    )
**LT. DAN FISCHBACH**    )
**c/o Avon Police Department**    )
**36145 Detroit Ave**    )
**Avon, OH 44011**    )
    )
  **-and-**    )
    )
**OFFICER BARTON**    )
**c/o Avon Police Department**    )
**36145 Detroit Ave**    )
**Avon, OH 44011**    )
    )
  **-and-**    )
    )
**OFFICER SIDOR**    )
**c/o Avon Police Department**    )
**36145 Detroit Ave**    )
**Avon, OH 44011**    )
    )

-and-                                    )
                                               )
**OFFICER SMITH**                              )
**c/o Avon Police Department**                 )
**36145 Detroit Ave**                          )
**Avon, OH 44011**                             )
                                               )
      -and-                                    )
                                               )
**OFFICER GOSCEWSKI**                          )
**c/o Avon Police Department**                 )
**36145 Detroit Ave**                          )
**Avon, OH 44011**

        **Defendants.**

## INTRODUCTION

1.      In June 2016, Ahmed Al-Menhali, a citizen of the United Arab Emirates, was temporarily residing in Cleveland to receive medical treatment at the Cleveland Clinic. On June 29, 2016, Mr. Al-Menhali experienced the worst aspects of American Islamophobia and racism when Defendants Silva and Acton-Belle, in their capacity as employees of Defendant Marriot International Inc., Marriott Hotel Services and their subsidiary companies, falsely accused him of pledging allegiance to ISIS based solely on the facts that he was an Arab man, wearing traditional dress and speaking Arabic.

2.      The Defendant Avon Police Officers failed to investigate or deescalate Defendants Silva's and Acton-Belle's false allegations, and instead summarily attacked Mr. Al-Menhali with an unjustified SWAT-style assault. The Defendant Avon Police Officers violently approached Mr. Al-Menhali with weapons fixed upon him, used excessive force against him, and detained him without probable cause and without any legal justification.

3.      As a direct and proximate cause of the false accusations and unjustified assault, Mr. Al-Menhali suffered severe emotional and physical distress which triggered a stroke.  He also suffered great financial losses based on the loss of significant business after the false accusations and violent assault by the police was widely televised and publicized both in the United States and the United Arab Emirates.

4.      The illegal and offensive conduct of Defendants Silva and Acton-Belle was the direct and proximate result of the negligent hiring, training, and supervision of their employer, Defendant Marriot International Inc., Marriot Hotel Services and thier franchisees and subsidiaries.

5.      The Marriot is a global provider of lodging and entertainment and along with its Fairfield Inn franchisee owed Plaintiff Al-Menhali the duty to act without discrimination, intolerance, ignorance, poor training, bias, prejudice, bigotry and unlawfulness.

## JURISDICTION AND VENUE

6.      Diversity matter jurisdiction is conferred under 28 U.S.C. § 1332.

7.      The matter in controversy in this action exceeds $75,000 and the parties are citizens of different states and/or countries.

8.      This action alleges causes of action pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States and pendent claims arising under the laws of the State of Ohio.

9.      This Court has personal jurisdiction over Defendants Marriot International Inc., Marriott Hotel Services, Fairfield Inn and Suites Avon, Inn of Rivers Edge, LP, Silva, and Acton-

Bell, Hortobagyi, Fischbach, Barton, Sidor, Smith, and Goscewski, as this lawsuit is being brought in a District where at least one of the Defendants does business.

10.     Venue is proper in the Northern District of Ohio, pursuant to 28 U.S.C. § 1391 (b)(1) & (2), as this is a judicial district where at least one Defendant does business and is a District in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

11.     At all times material herein, Plaintiffs Ahmed Al-Menhali and Taghrid Milki were United Arab Emirates citizens and were legally in the United States while Al-Menhali sought medical treatment.

12.     At all times material herein, Defendant Marriot International Inc. was and is a Delaware Corporation, with its principle place of business at 10400 Fernwood Road, Bethesda, Maryland, 20817, operating in the State of Ohio under and by virtue of the laws of the State of Ohio with offices, hotels or businesses in the State of Ohio.

13.     At all times material herein, Defendant Marriot Hotel Services was and is a Corporation, with its principle place of business at 1221 22nd Street, NW, Washington, DC, 20037, operating in the State of Ohio under and by virtue of the laws of the State of Ohio with offices, hotels or businesses in the State of Ohio.

14.     At all times material herein, Defendant Inn on the River's Edge, LP is a limited partnership organized and existing under and by virtue of the laws of the State of Ohio with offices, hotels or businesses in the State of Ohio.

15. At all times material herein, Defendant Fairfield Inn and Suits Avon was and is an Ohio entity, with its principle place of business located at 39050 Colorado Avenue, Avon, Lorain County, Ohio.

16. At all times material herein, Defendant Alexis Silva lived and worked in Lorain County, Ohio.

17. At all times material herein, Defendant Laura Acton-Bell lived and worked in Lorain County, Ohio.

18. At all times material herein, Defendants Marriot International Inc., Marriot Hotel Services, and Inn on the River's Edge, LP, owned, operated, controlled, maintained, managed, supervised, handled reservations for and/or were otherwise responsible for Defendant Fairfield Inn and Suites Avon.

19. At all times material herein, Defendants Inn on the River's Edge, LP and Fairfield Inn and Suites Avon were the agents/or joint venturers of Marriott Hotel Services and Marriot International Inc., and each other, and at all times material herein were, as such, acting within the course, scope and authority of said agency, and/or venture, and that Marriot International Inc., when acting as a principal, was negligent in the selection, hiring, training, and supervision of such and every other defendants as an agent and/or joint venturer. Additionally, Defendants Marriott Hotel Services., Inn on the River's Edge, LP, and Fairfield Inn and Suites were associated entities with the goal of carrying out a specific enterprise for profit. Marriot International Inc., Marriott Hotel Services, and Inn on the River's Edge, LP had a community of interest in the Fairfield Inn and Suites Avon, a proprietary interest in the Fairfield Inn and Suites

Avon, and right to govern policies of the Fairfield Inn and Suites Avon, and they shared in the profits and losses of the Fairfield Inn and Suites Avon.

20.     At all times material herein, each of the non-police Defendants were the agents or employees of, and/or working in concert with, his/her co-Defendants and was acting within the course and scope of such agency, employment, and/or concerted activity.

21.     To the extent certain acts and omissions were perpetrated by certain non-police Defendants, the remaining Defendant(s) confirmed and ratified said acts and omissions.

22.     At all times mentioned herein, Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith and Goscewski were employed as Police Officers by the City of Avon, Ohio and were acting in their capacity as officers for the City of Avon under the color of state law.

23.     Defendant Officer Hortobagyi, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

24.     Defendant Lt. Fischbach, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

25.     Defendant Officer Barton, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

26.     Defendant Officer Sidor, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

27.     Defendant Officer Smith, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

28.     Defendant Officer Goscewski, at all times relevant herein, was employed as a Police Officer by the City of Avon, and was acting under color of state law. He is being sued in his individual as well as official capacity.

29.     Wherever reference is made in this Complaint to any conduct by Defendants, such references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.

**<u>FACTS</u>**

30.     Plaintiff Al-Menhali, 41 years of age, and his wife, Plaintiff Milki are citizens of the United Arab Emirates. They were temporarily living in the United States during the spring and summer of 2016 while Al-Menahli received medical treatment at the Cleveland Clinic.

31.     On June 29, 2016, Plaintiff Al-Menhali went to the Fairfield Inn & Suites in Avon, Ohio, to seek accommodations while the Republican National Convention was held in Cleveland.

32.     Plaintiff Al-Menhali was wearing traditional UAE national dress – a kandura (robe), a headscarf and headband. Plaintiff always wears his traditional clothing during his travels and has never before encountered a problem.

33.     At the Fairfield Inn, a franchisee of Marriott Hotel Services and Marriot International Inc., Plaintiff Al-Menhali spoke with Defendant Silva, who was at the hotel desk, asking for recommendations for extended stay in the hotel. After some conversation with Al-

Menhali, Defendant Acton-Bell came out front to help while Defendant Silva went to the back office.

34.     Plaintiff was told that there was no available space for his extended stay at the Fairfield Inn and Suites. Plaintiff asked Defendants for extended stay options at other hotel properties.

35.     At 5:53 on June 29, 2016, the Avon Police Department received a 911 call from a woman who said she was calling on behalf of her sister, a desk clerk (Defendant Silva) at the Fairfield Inn & Suites in the City of Avon, Ohio. The woman said her sister called her and told her there was a man in the hotel lobby "in full headdress with multiple disposable phones pledging his allegiance to ISIS" she told the dispatcher. She added that the man was acting panicky.

36.     Meanwhile, while on the phone with the original caller, the Avon Police Department received a second 911 call from Defendant Silva's father requesting assistance on behalf of Defendant Silva for the same reason. The man told dispatchers that Defendant Silva was "terrified" and hiding "in the back."

37.     Plaintiff Al-Menhali, who was totally unaware of these 911 calls, took a seat in the lobby and waited for Defendants Silva and Acton-Bell to print a list of potential hotels.

38.     Minutes later, Al-Menhali walked out the front doors of the hotel.

39.     The Defendant Police Officers arrived at the hotel at this moment, and immediately exited their vehicles and trained their guns upon Al-Menhali.

40.     As the Defendant Police Officers aggressively approached Plaintiff Al-Menhali with guns drawn, they shouted orders to drop his phone and get down to the ground.

9

41.     Plaintiff Al-Menhali had no idea what was going on. He thought maybe something was wrong in the hotel, or this was a training exercise. However, he quickly realized he was the target of this police show of force.

42.     Plaintiff Al-Menhali did not display any aggression or make any threatening comments as the police approached him.

43.     Plaintiff Al-Menhali immediately complied with police orders, sinking to his knees.

44.     In broad daylight, the heavily armed Defendant Officers ran toward the businessman, assaulted him, forced him to the ground, stripped him of his shoes, and threw at least one of Plaintiff's cellular phones into the bushes.

45.     After the Defendant Officers detained and handcuffed Plaintiff Al-Menhali, they searched him and his belongings, rifling through his identification cards and other personal belongings.

46.     One Defendant Officer held Al-Menhali's chest down with his knee as Al-Menhali lay on the ground.

47.     Plaintiff Al-Menahli was visibly confused and said, "What is this? I'm a tourist and this is not good."

48.     The Defendant Officers did not find weapons or contraband of any kind on Plaintiff Al-Menhali.

49.     After the Defendant Officers had already assaulted, retrained, handcuffed and searched Al-Menhali, Defendant Fischbach made contact with Defendant Silva and determined Al-Menhali never made statements related to ISIS.

50.     Defendant Silva reportedly told police she heard the man speaking on his cell phone in Arabic. "That's all I know and it scared me." She denied sending a text message that the man was declaring loyalty to ISIS.

51.     In truth, Defendant Silva did send a text message to her family falsely alleging that Plaintiff was declaring himself to ISIS, which triggered their 911 calls.

52.     Defendant Acton-Bell affirmed Defendant Silva's baseless accusations, claiming that Plaintiff Al-Menhali was continually asking about monthly room rates, and was acting "suspicious" and pulled out a "disposable flip phone."

53.     While Plaintiff Al-Menhali was at the hotel desk talking with Defendant Silva, Defendant Acton-Bell slipped Defendant Silva a note which read, "get the gentlemen out/away from the Fairfield Inn."

54.     Defendant Acton-Bell encouraged the 911 call falsely reporting Plaintiff Al-Menhali when she told Defendant Silva that there are "certain things" they have to call the police for.

55.     Defendant Silva told police officers that she was advised the police should be called because Plaintiff Al-Menhali was in possession of two cell phones, the conversation he had on his cell phone (in Arabic) and that he never removed his sunglasses.

56.     Shortly after these interactions with Defendant Acton-Bell, Defendant Silva sent the text messages to her family falsely accusing Plaintiff Al-Menhali of pledging his allegiance to ISIS and asking them to call the police.

57.     Witnesses present in the hotel lobby during Plaintiff's interaction with Defendants Silva and Acton-Bell confirm that Plaintiff was not acting in a threatening manner and was simply asking about questions about hotel rooms.

58.     A few minutes after the police assault on Plaintiff Al-Menhali, he collapsed to the ground and was transported by ambulance to St. John Westshore Medical Center.

59.     Plaintiff Al-Menhali underwent open heart surgery in February 2016. As a result, at the time of this incident, Plaintiff could not lift heavy objects or put stress on his chest because his internal stitches could rupture.

60.     When Plaintiff Al-Menhali was arbitrarily arrested and the police pinned him the floor, he felt an incredible amount of pain which he believes is related to his heart surgery. He also suffered symptoms of a stroke and was hospitalized several days.

61.     Plaintiff's violent arrest and the false allegations against him were widely publicized around the world.  As a result, Plaintiff suffered great reputational harm and lost lucrative business.

62.     Plaintiff Al-Menhali's arrest and hospitalization caused Plaintiff Milki to suffer great fear and distress for the safety, health and well-being of her husband

63.     Avon's mayor and Chief of Police have met with and apologized to Plaintiff Al-Menhali.

64.     In spite of the apology, this Islamophobic episode further exposes the dark, racist underbelly of America thriving under the guise of security.

65. After the incident, the Ministry of Foreign Affairs and International Cooperation warned Emiratis traveling abroad against wearing traditional national dress of robe (called a *kandura*), a headscarf and headband, in order to preserve their safety.

66. Emiratis traveling abroad should not have to hide their national dress because of prejudice; rather the police have a duty to protect them from assault and unsubstantiated allegations and threats. Furthermore, employers in this country should train their employees that discrimination on the basis of race, color, national origin, and/or religion will not be tolerated.

67. Marriot International Inc., which owns the hotel, continued to malign Plaintiff Al-Menhali even after the incident by blaming him for what occurred. They released a statement that reads, in part: "The unusual behavior of a man that had entered the hotel caused the hotel staff to be concerned. A call was placed to the local authorities who responded right away. As this is a police matter it would be inappropriate to comment further." Plaintiff Al-Menhali did not engage in any unusual behavior on June 29, 2016 to warrant the discriminatory accusations or unjustified use of police force.

68. Marriot International Inc. called the arrest a "terrible misunderstanding" that it "deeply" regrets. "We have been in regular contact with the hotel since and we will be following up to discuss diversity and inclusion training to help prevent this type of situation."

69. Police acted inappropriately and with excessive force that was totally unwarranted and unjustified.

70. As a result of the Defendants' false attacks on Plaintiff and the Defendant Officers' use of excessive force, Plaintiff suffered and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation,

distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses. His injuries and damages are continuing and permanent.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C § 1983 – Violations of the First Amendment –**
**Against Defendant Officers Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski)**

71.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

72.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith and Goscewski acted under color of law at all relevant times and deprived Plaintiff of his constitutional rights in violation of Title 42 U.S.C. § 1983.

73.     Plaintiff Al-Menhali was wearing his kandura and keffiyeh in expression of his religion and faith.

74.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith and Goscewski singled out Plaintiff and illegally searched and seized him based upon his religious expression.

75.     Said actions were in violation of the Plaintiff's right to freedom of religious expression and constituted a violation of his First and Fourteenth Amendment rights under the United States Constitution.

76.     As a direct and proximate result of this violation by Defendants, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia,* extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses. as set forth in this Complaint.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – Violations of the Fourth Amendment –**
**Against Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski)**

77.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

78.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski acted under color of law at all relevant times and deprived Plaintiff of his constitutional rights in violation of Title 42 U.S.C. § 1983.

79.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski deprived Plaintiff of his right to be free from unreasonable seizure by seizing his person, arresting him without lawful privilege, against his consent, and without probable cause, and subjecting him to the unjustified use of excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution or failing to intervene to prevent these unreasonable seizures.

80.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

81.     As a direct and proximate result of Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski's conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter* alia, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### (State Law Claim - Assault and Battery -
### Against Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski)

82.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

83.     Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski knowingly caused physical harm by the use of force which was excessive, disproportionate under the circumstances, and unjustifiable, or failed to intervene to prevent such force.

84.     This unlawful use of force was harmful and offensive, proximately caused Plaintiff's injuries and constitutes a battery against Plaintiff.

85.     Defendants actually caused physical harm to Plaintiff, touching and injuring him intentionally and without permission.

86.     Defendants acted willfully, intentionally, in bad faith, in a reckless, and/or wanton manner, and/or with malicious purpose.

87.     As a direct and proximate result of Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski's assault and battery, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
### (State Law Claim - Negligence – Willful, Wanton, and Reckless Conduct –
### Against Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski)

88.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

89.    Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski disregarded the public trust granted to their positions as Police Officers and acted in an intentional, willful, wanton, negligent and/or malicious manner, failed to exercise due care, and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in police functions and activities, including the excessive and unreasonable use of force against Plaintiff causing him pain and injury, and illegally detaining Plaintiff.

90.    Each of the individual Defendants, as set forth herein, engaged in negligent, reckless and/or willful and/or wanton conduct such that they are not entitled to the immunities set forth in O.R.C. § 2744.01 *et seq.*

91.    As a direct and proximate result of Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski's negligent, reckless, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia,* extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

**FIFTH CLAIM FOR RELIEF**
**(State Law Claim - Intentional Infliction of Emotional Distress –**
**Against Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski)**

92.    Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

93.    The acts and conduct of Defendants Hortobagyi, Fischbach, Barton, Sidor, Smith, Goscewski, as set forth above, were extreme and outrageous. The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in

reckless disregard of the probability, that their conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

94. As a direct and proximate result of Defendants' conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

**SIXTH CLAIM FOR RELIEF**
**(State Law Claim – Unlawful Discrimination in Violation of Ohio Rev. Code 4112 - Against Defendants Silva, Acton-Bell)**

95. Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

96. The Defendants discriminated against Plaintiff Al-Menahli based on his race, color, religion, and national origin, as described more fully above.

97. Defendants' conduct violated Plaintiff Al-Menahli rights to be free from discrimination Ohio Rev. Code Chapter 4112 by denying Plaintiff the full and equal enjoyment of, access to, or ability to procure services and/or housing in Defendants' and/or others' establishments.

98. The conduct of Defendants through their agents as described herein was intentional, willful, reckless, negligent, malicious, fraudulent, and oppressive and/or done with the knowledge that they were acting in violation of state law, and/or with a willful and conscious disregard for Plaintiff Al-Menhali's rights and for the deleterious consequences of their actions.

99.     As a direct and proximate result of Defendants' discrimination against him, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

### SEVENTH CLAIM FOR RELIEF
**(State Law Claim – Making False Alarm Against Defendants Silva, Acton-Bell)**

100.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

101.     Defendants misidentified Plaintiff Al-Menhali as a member of the terrorist organization ISIS to engage in the "Swatting" hoax, or spoofing emergency responders into sending a SWAT team to address a perceived threat that goes beyond a minor police response to assess a given situation.

102.     Through intentional misidentification of Plaintiff Al-Menhali as a terrorist acting violently and holding multiple cell phones, Defendants did cause emergency responders to initiate a SWAT response to a perceived higher level threat.

103.     Defendants' action constitutes a criminal violation of state law including, but not limited to, Making False Alarms O.R.C. 2917.32, and damages are recoverable through O.R.C. 2307.60.

104.     As a direct and proximate result of Defendants' negligent, reckless, intentional, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety,

humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

## EIGHTH CLAIM FOR RELIEF
### (State Law Claim - Intentional Infliction of Emotional Distress –
### Against Defendants Silva, Acton-Bell)

105.    Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

106.    The acts and conduct of Defendants Silva and Acton-Bell, as set forth above, were extreme and outrageous. Defendants falsely reported Plaintiff Al-Menhali to be a member of a terrorist organization with absolutely no basis in fact, which resulted in heavily armed Avon Police officers forcefully subduing him without cause.

107.    The Defendants' actions were undertaken with intent to cause, or were in reckless disregard of the probability, that their conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

108.    Defendants' tortious conduct was so extreme and outrageous as to go beyond all possible bounds of decency and is utterly intolerable in a civilized community.

109.    As a direct and proximate result of Defendants' actions, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

## NINTH CLAIM FOR RELIEF
### (State Law Claim - Negligent Infliction of Emotional Distress -
### Against Defendants Silva, Acton-Bell)

110. Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

111. The acts or omissions of Defendants Silva and Acton-Belle have caused Plaintiff Al-Menhali serious and foreseeable emotional distress as a result of the actual physical danger and/or threat Plaintiff was placed in as heavily armed Avon Police Officers forcefully assaulted and detained him without cause.

112. Defendants' actions placed Plaintiff in actual physical peril and suffered overwhelming mental anguish and/or stress manifesting in extreme physical and mental debilitating injury, some of which required immediate hospitalization.

113. As a direct and proximate result of Defendants' conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses as set forth in this Complaint.

## TENTH CLAIM FOR RELIEF
### (State Law Claim - False Light Invasion of Privacy -
### Against Defendants Marriot International Inc., Marriot Hotel Services, Inn on the River's
### Edge, L.P., Fairfield Inn and Suites Avon, Silva, Acton-Bell)

114. Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

115. Defendants gave publicity by causing persons to make false police reports against Plaintiff Al-Menhali, among other things, claiming him to be a member of an extremist terrorist

organization and thereby placing him before the public in a false light with no basis in fact by attacking his character, history, activities, or beliefs.

116.     Defendants' false claims were published worldwide and were an unwarranted invasion of and intrusion into Plaintiff Al-Menhali's privacy.

117.     Defendants' malicious, intentional, willful, reckless, and/or negligent misrepresentation of Plaintiff Al-Menhali were highly offensive to any reasonable person.

118.     The Defendants had knowledge of or, by failing to obtain even a modicum of information, acted in reckless disregard to the falsity of the publicized matter.

119.     As a direct and proximate result of Defendants' conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses, as set forth in this Complaint.

### ELEVENTH CLAIM FOR RELIEF
**(State Law Claim – Defamation and/or Libel –**
**Against Defendants Marriot International Inc., Marriott Hotel Services, Inn on the River's Edge, L.P., Fairfield Inn and Suites Avon, Silva, Acton-Bell)**

120.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

121.     Defendants Marriot International Inc., Silva and Acton-Bell knowingly and/or negligently published a false statement about Plaintiff Al-Menhali being a member of a terrorist organization, without privilege to do so, to a third party.

122.     Defendants' malicious disregard for the truth caused terrible injury to Plaintiff Al-Menhali's reputation and exposed him to great public shame, ridicule and/or disgrace.

123.    As a direct and proximate result of Defendants' negligent, reckless, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses, as set forth in this Complaint.

## TWELFTH CLAIM FOR RELIEF
**(State Law Claim – Negligence and/or Gross Negligence –**
**Against Defendants Marriot International Inc., Marriot Hotel Services, Inn on the River's**
**Edge, L.P., Fairfield Inn and Suites Avon, Silva, Acton-Bell)**

124.    Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

125.    Defendants, through its employees, associates, managers, directors, officers, or other representatives or agents, have a duty to be truthful when communicating information with others and not to discriminate on the basis of race, religion and national origin.

126.    Defendants affirm this duty in the motto espoused in their Business Conduct Guide, claiming "our business relies upon integrity and good judgment."

127.    Defendants have acknowledged a duty, among others, to ensure that all employees or other persons acting on Defendants' behalf adhere to the policies set forth in the Business Conduct Guide.

128.    Defendants had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control and operation of the Fairfield Inn and Suites Avon including but not limited to proper hiring, training and supervision

of all employees, managers, supervisors, associates based on the policies set forth in the Business Conduct Guide.

129.     Defendants, by and through their agents, employees, servants and/or independent contractors acted negligently, carelessly, maliciously, willfully and wantonly with conscious disregard to the consequences of their acts and/or omissions by, among other things, calling 911 and falsely accusing Plaintiff Al-Menhali of being a member of an extreme terrorist organization without regard to the consequences to him and without exercising any or very slight care in determining the validity of the utterances.

130.     As a direct and proximate result of Defendants' negligent, reckless, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses, as set forth in this Complaint.

### THIRTEENTH CLAIM FOR RELIEF
**(State Law Claim - Negligent Hiring -
Against Defendants Marriot International Inc., Marriot Hotel Services, Inn on the River's
Edge, L.P., Fairfield Inn and Suites Avon)**

131.     Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

132.     Defendants owed a duty to Plaintiff Al-Menhali to exercise reasonable care with regard to Plaintiff and to hire employees that would not discriminate against customers based on race, religion, and/or national origin.

133.     Defendants knew or should have known of Defendants Silva's and Acton-Bells' unfitness prior to the time they were actually hired.

24

134. Defendants and/or its agents breached their duties to exercise reasonable care and failed to adequately investigate Defendants Silva and Acton-Bell prior to the time they were actually hired.

135. As a direct and proximate cause of Defendants' breach, Plaintiff Al-Menhali's suffered actual and prospective damages.

136. Defendants had an employment relationship with Defendants Silva and Acton-Bell. Defendants Silva and Acton-Bell were incompetent to perform their jobs appropriately, and Defendants knew or should have known of their incompetence. Defendants Silva and Acton-Bell's acts caused Plaintiffs' injuries, and Defendants' negligence in hiring and/or retaining Defendants Silva and Acton-Bell were the proximate cause of Plaintiffs' injuries.

137. As a direct and proximate result of Defendants' negligent, reckless, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses, as set forth in this Complaint.

**FOURTEENTH CLAIM FOR RELIEF**
**(State Claim - Negligent Training/Supervision –**
**Against Defendants Marriot International Inc., Marriot Hotel Services, Inn on the River's Edge, L.P., Fairfield Inn and Suites Avon, Silva, Acton-Bell)**

138. Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if fully rewritten herein.

139. Defendants owed a duty to Plaintiff Al-Menhali to exercise reasonable care with regard to Plaintiff and properly train and supervise their employees, agents, or representatives.

140.	Defendants breached their duty to Plaintiff Al-Menhali by failing to exercise reasonable care and failing to train and/or supervise Defendants Silva and Acton-Bell regarding discrimination of hotel visitors on the basis of race, religion and national origin.

141.	As a direct and proximate cause of Defendants' breach, Plaintiff Al-Menhali suffered actual and prospective damages.

142.	Defendants had an employment relationship with Defendants Silva and Acton-Bell. Defendants Silva and Acton-Bell were incompetent to perform their jobs appropriately, and Defendants knew or should have known of their incompetence. Defendants Silva and Acton-Bell's acts caused Plaintiffs' injuries, and Defendants' negligence in training and/or supervising Defendants Silva and Acton-Bell were the proximate cause of Plaintiffs' injuries.

143.	As a direct and proximate result of Defendants' negligent, reckless, wanton and/or willful conduct, Plaintiff was forced to endure and suffer, and continues to suffer, *inter alia*, extreme pain, physical injury, severe mental and emotional distress, anguish, anxiety, humiliation, distress, reputational harm, loss of enjoyment of life, loss of future earnings, loss of business opportunity and expenses, as set forth in this Complaint.

### FIFTEENTH CLAIM FOR RELIEF
**(State Claim Against Marriot International Inc., Marriot Hotel Services, Inn on the River's Edge, L.P., Fairfield Inn and Suites Avon – *Respondeat Superior*)**

144.	Plaintiffs incorporate by reference all paragraphs in this Complaint, whether stated before or after this claim, as if same were fully rewritten herein.

145.	In committing the acts alleged in the preceding paragraphs, Defendants Silva and Acton-Bell were members and agents of Marriot International Inc., Marriot Hotel Services, Inn

on the River's Edge, L.P. and Fairfield Inn and Suites Avon, acting at all relevant times within the course and scope of their employment.

146.    Defendants are thereby liable as principal for all state law torts committed by Defendants Silva and Acton-Bell as alleged herein pursuant to the doctrine of *respondeat superior*.

## SIXTEENTH CLAIM FOR RELIEF
### (State Claim Against All Defendants – Loss of Consortium)

147.    Plaintiffs incorporate herein all paragraphs in this Complaint, whether stated before or after this claim, as if same were fully rewritten herein.

148.    Plaintiff Taghrid Milki states that she is and was at all times relevant herein, the wife Mr. Al-Menhali.

149.    As a direct and proximate result of the Defendants conduct as set forth above, Plaintiff Milki has sustained damages, including the loss of services, companionship, and consortium of her husband, she will continue to lose such services, consortium and companionship on a permanent basis, and she will continue to incur medical expenses and other consequential money damages on his behalf.

150.    As a direct and proximate result of Defendants' conduct, Plaintiff Milki has suffered, and continues to suffer damages. Plaintiff Milki seeks all available remedies including, but not limited to equitable, compensatory, punitive and/or nominal damages, as well as costs, pre-judgment interest, and attorney fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgement against the Defendants for:

(A)     Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court and jury in excess of the Court's jurisdictional amount;

(B)     Punitive damages in an amount to the be determined at trial for the willful and malicious conduct of the individual defendants;

(C)     Equitable relief, including without limitation, that Defendants be made to adopt appropriate policies to prevent future instances of the type of conduct described herein;

(D)     Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

(E)     Any and all other relief that this Court deems equitable, necessary and just.


## A JURY TRIAL IS REQUESTED TO HEAR THIS MATTER.


/s/ Terry H. Gilbert
TERRY H GILBERT (0021948)
SARAH GELSOMINO (0084340)
JACQUELINE C. GREENE (0092733)
Friedman & Gilbert
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Telephone:     216-241-1430
Facsimile:     216-621-0427
tgilbert@f-glaw.com
sgelomino@f-glaw.com
jgreene@f-glaw.com