IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AL-MENHALI, et al., | ) | CASE NO. 17-cv-01089-SO |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | MAGISTRATE JUDGE THOMAS M. |
| -vs- | ) | PARKER |
| | ) | |
| MARRIOTT INTERNATIONAL INC., | ) | **TRIAL BRIEF ON BEHALF OF** |
| et al. | ) | **DEFNDANTS MARRIOTT** |
| | ) | **INTERNATIONAL AND INN ON THE** |
| Defendants. | ) | **RIVER'S EDGE, L.P.** |
| | ) | |

Defendants Marriott International, Inc. and Inn on the River's Edge, LP, hereby submit the following Trial Brief in preparation for the September 10, 2019 Trial.

**A.    THE PARTIES**

Marriott International was, at all times relevant herein, the franchisor of a Fairfield Inn and Suites located in Avon, Ohio ("the Hotel"). The Hotel was owned and operated, under a franchise agreement, by Defendant Inn on the River's Edge, L.P. Defendant Marriott Hotel Services was removed the case via summary judgment. Defendant Fairfield Inn and Suites is a non-existent entity. It is merely a trade name for the Hotel.

**B.    THE INCIDENT**

On June 29, 2016, Plaintiff Menhali went to the Fairfield Inn and Suites in Avon, Ohio. He requested a room with long-term stay rates. He was initially assisted by Defendant Silva. Plaintiff was advised that the Hotel did not have the type of room and rates that was being

requested. The Hotel employees assisted Plaintiff to search for different hotels in the surrounding area that might meet his needs.

Defendant Silva began getting nervous during her interactions with Plaintiff. He was wearing traditional Arabic attire. He was wearing his sunglasses inside. He was using two cell phones. She enlisted the assistance of Laura Acton-Bell, the manager. At that point and time, Silva went into Acton-Bell's office and was no longer involved with Plaintiff. Acton-Bell attempted to assist Plaintiff but Plaintiff was not satisfied. Acton-Bell became nervous.

Unbeknownst to Acton-Bell, Silva texted family members to the effect that "there is a guy here in the full outfit pledging allegiance to ISIS." Silva's father and 15-year-old sister called 9-1-1. The Avon swat team arrived at the Hotel just as Plaintiff was voluntarily exiting the Hotel. They detained and handcuffed Plaintiff. After several minutes, the police realized that Plaintiff was no threat. The handcuffs were removed. Plaintiff fainted.

Plaintiff was admitted to St. John Hospital for approximately three nights. After returning to the United Arab Emirates, Plaintiff had psychiatric counseling sessions from April 2017 until November 2017. He alleges PTSD. The symptoms of his PTSD overlap with his pre-existing symptoms of anxiety, depression, anger outbursts, and inappropriate behavior. Plaintiff Taghrid Milki alleges loss of consortium. She had psychiatric treatment from November 2016 through November 2017. Her diagnosis was anxiety.

### C.    <u>THE CLAIMS</u>

The following claims were disposed of via summary judgment: defamation, false alarm, false light/invasion of property, intentional infliction of emotional distress, negligent hiring negligent training, and lost profits. The remaining claims are: discrimination (R.C.§ 4112.02(G));

negligent infliction of emotional distress; negligence; negligent supervision, vicarious liability/respondeat superior, and loss of consortium.

1. **Discrimination**

Plaintiffs' discrimination claim (Count Six) is solely against the Hotel employees, co-Defendants Laura Acton-Bell, and Alexis Silva. R.C. 4112.02(G) provides that it shall be an unlawful discriminatory practice:

> For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

"Full enjoyment" of places of public accommodation, such as hotels, means the right to purchase all services or products of a place of public accommodation, the right to be admitted to any place of public accommodation, and the right to have access to the services and products of such a place in the same manner as all other customers. *Meyers v. Hot Bagels Factory, Inc.*, 721 N.E.2d 1068, 1082 (Ohio Ct. App. 1st Dist. 1999). The Ohio Supreme Court held that "when determining whether there has been unlawful discrimination under R.C. 4112.02(G), the test is simply whether the manager or employee of a place of public accommodation has denied to any person the full enjoyment of such place *for reasons not applicable alike to all persons*, irrespective of race, color, religion, national origin, or ancestry. *Ohio Civil Rights Commission v. Lysyj*, 313 N.E.2d 3, 6 (Ohio 1974).

The Hotel employees did not discriminate against Plaintiff Menhali. The Hotel merely advised him that it did not have a room available to meet his requests.

2. **Negligent Infliction of Emotional Distress**

Plaintiffs allege negligent infliction of emotional distress against the Hotel employee Defendants.

Plaintiffs who are directly involved in an accident may state a cause of action for negligent infliction of emotional distress. *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983). In order to be compensable, the alleged damages must amount to serious emotional distress, *i.e.*, an injury which is both severe and debilitating to a reasonable person. *Id*. The alleged injury must have been reasonably foreseeable. *Id*.

In the present case, the Hotel employees' conduct was not the proximate cause of any alleged damages. The alleged emotional distress is not severe and debilitating. Finally, the alleged emotional distress was not reasonably foreseeable because the Hotel Defendants did not contact the police and had no knowledge that the police were contacted.

3. **Negligent Supervision**

The Defendants were granted summary judgment as to the claims for negligent hiring and negligent training. The elements of a negligent supervision claim are essentially the same as those required to prove negligent hiring and negligent training. *Sheldon v. Kettering Health Network*, 40 N.E.3d 661 (Ohio Ct. App. 2nd Dist. 2015). The elements are:

(1) The existence of an employment relationship;

(2) The employee's incompetence;

(3) The employer's actual or constructive knowledge of such incompetence;

(4) The employee's act or omission causing the plaintiff's injuries; and

(5) The employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Aycox v. Columbus Bd. of Education*, 2005-Ohio-69.

The Hotel employees were not employees of Marriott International. They were employees of the franchisee, only. With respect to the negligence claim against the franchisee, Plaintiffs cannot meet the required elements of the claim. There is no evidence that the employees were incompetent, there is no evidence that the employer had knowledge of such alleged incompetence, and the conduct of the employees was not the proximate cause of any alleged injuries.

### 4.   Negligence

A negligence claim requires the existence of a duty, breach of that duty, and injury resulting proximately therefrom. *Mussivand v. David*, 554 N.E.2d 265 (Ohio 1989). To show proximate cause, the alleged injury must have been reasonably foreseeable. *Id.*

In the present case, the Hotel employees used ordinary care. They attempted to assist Plaintiff Menhali. The Hotel did not contact the police. Neither Hotel employee contacted the police. The manager, Acton Bell, did not direct Silva to ask anyone to contact the police. Moreover, any breach of an alleged duty was not the proximate cause of the alleged damages. Instead, the alleged damages were caused by the police department's response on the scene.

### 5.   Vicarious Liability/Respondeat Superior

Marriott International has no liability. It did not control the operations of the franchisee. A franchisor cannot be held vicariously liable for the actions of a franchisee if the franchisor has no power over the daily operations of the business. *Puete v. Garcia*, 1986 WL 14372 (Ohio Ct. App. 6th Dist.)

Inn on the Rivers Edge has no liability for vicarious liability or respondeat superior. For all the reasons previously stated, the Hotel employees do not have liability. Therefore, their

employer has no liability. Additionally, the tort of an employee must be committed within the scope of employment for liability to be imposed on an employer. *Osborne v. Lyles*, 587 N.E.2d 825 (Ohio 1992). The Hotel employees did not commit any act that proximately caused Plaintiffs' alleged damages. Moreover, Silva's text messages to her family were outside the scope of her employment and, therefore, her employer cannot be liable.

6.    **Loss of Consortium**

Plaintiff Taghrid Milki alleges loss of consortium as a result of the alleged damages sustained by her husband, Plaintiff Menhali.

A claim for loss of consortium is derivative in that the claim is dependent upon the defendant having committed a legally cognizable tort upon the spouse who suffers *bodily injury*. *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776 (6th Cir. 2007). Ohio courts have repeatedly held that the term "bodily injury" does not include non-physical harms. *Id.*

In the present case, Plaintiff Milki's consortium claim, as a derivative claim, fails for all of the reasons that Plaintiff Menhali's claims fail.

D.    **EVIDENTIARY ISSUES / OTHER ISSUES**

The following Motions in Limine are pending:

- Motion in Limine to Exclude Treating Physicians, filed by Laura Acton-Bell, Alexis Silva (Docket Entry 77)

- Joint Motion in Limine Regarding Media Coverage, filed by Inn on the River's Edge, Marriott International (Docket Entry 79)

- Motion in Limine Exclusion of Plaintiff's Treating Physicians, filed by Inn on the River's Edge, Marriott International (Docket Entry 80)

- Motion in Limine Preclude Evidence, Argument, and Testimony, filed by Plaintiffs (Docket Entry 81)

One of the Motions in Limine referenced above pertains to Plaintiffs' lack of medical experts. Since the filing of the original Motion, the video trial testimony of two out of Plaintiffs' three doctors, has been conducted (Drs. Lachwani and Alamir). Despite the fact that the witnesses were identified as merely lay witnesses, the testimony elicited by Plaintiffs' counsel from each doctor was very often expert testimony. Plaintiff had a complex medical history before the day of the incident at the Hotel. His pre-existing medical conditions overlap with the injury alleged as a result of the Hotel incident. Accordingly, expert reports were required. Moreover, the expert opinion testimony improperly elicited from Drs. Lachwani and Alamir was not stated to a reasonable degree of medical certainty for purposes of admissibility.

The apportionment issue has been briefed by the parties. Defendants are entitled to request the jury to apportion liability, if any, to the non-party police officers.

Finally, Defendants believe that Plaintiffs are in agreement that caps on damages are applicable in this matter. Plaintiffs' damages are limited pursuant to R.C. § 2315.18.

Respectfully submitted,

*/s/ Patrick M. Roche*
Patrick M. Roche (0071359)
Collins, Roche, Utley & Garner, LLC
875 Westpoint Drive, Suite 500
Cleveland, Ohio 44145
Phone: (216) 916-7730;
Fax:　　(216) 916-7725
E-mail: pmroche@cruglaw.com
***Attorneys for Defendants***
***Marriott International, Inc., Marriott Hotel Services, Inn on the River's Edge, LP, Fairfield Inn & Suites Avon***

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Patrick M. Roche*

PATRICK M. ROCHE (0071359)
***Attorneys for Defendants***
***Marriott International, Inc., Marriott Hotel Services, Inn on the River's Edge, LP, Fairfield Inn & Suites Avon***