UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AL-MENHALI, *et al.*, | ) | Case No.: 1:17 CV 1089 |
| Plaintiffs | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| MARRIOTT INTERNATIONAL, INC., *et al.*, | ) | |
| Defendants | ) | ORDER |

Currently pending before the court is Westfield Insurance Company's ("Westfield") Motion for Leave to Intervene as a New Party Defendant ("Motion") pursuant to Rule 24(a), or alternatively Rule 24(b), of the Federal Rules of Civil Procedure. (ECF No. 72.) Plaintiffs, Ahmed Al-Menhali ("Al-Menhali") and Taghrid Milki (collectively, "Plaintiffs"), oppose Westfield's Motion. (ECF No. 76.) Although Defendants Marriott International, Inc. ("Marriott"); Inn on the River's Edge, L.P. ("River's Edge"); and Fairfield Inn & Suites Avon ("Fairfield Inn") (collectively, "Hotel Defendants") requested, and received, an extension of time to respond to Westfield's Motion, (ECF No. 74), Hotel Defendants did not file a response. Likewise, Defendants Alexis Silva ("Silva") and Laura Acton-Bell ("Acton-Bell") (collectively, "Employee Defendants") did not respond to Westfield's Motion. For the following reasons, the court denies Westfield's Motion.

## I. BACKGROUND

On May 24, 2017, Plaintiffs filed this civil action against the Employee and Hotel Defendants,[1] alleging state law claims related to an incident which occurred at Fairfield Inn in Avon,

---

[1] Plaintiffs also filed federal and state law claims against officers of the City of Avon Police Department. On February 20, 2018, the Avon Defendants filed their Motion for Summary Judgment (ECF No. 34), which the court granted. (*See* Order, ECF No. 65.)

Ohio, on June 29, 2016, resulting in Al-Menhali's seizure by police officers of the City of Avon.[2] Following a case management conference on August 16, 2017, the parties began discovery, which continued throughout late 2017 and early 2018.

Employee Defendants and Hotel Defendants filed separate motions for summary judgment on June 15, 2018, (ECF Nos. 41, 42, 43), which the court denied in part and granted in part on March 29, 2019. (*See* Order, ECF No. 67.) Following the court's summary judgment order, several of Plaintiffs' alleged claims against Employee Defendants remained for trial: unlawful discrimination in violation of Ohio Rev. Code § 4412 (Count 6); negligent infliction of emotional distress (Count 9); negligence and/or gross negligence (Count 12); and loss of consortium (Count 16). (*Id.*) Several claims also remained against Hotel Defendants: negligence and/or gross negligence (Count 12); negligent training/supervision (Count 14); *respondeat superior* (Count 15); and loss of consortium (Count 16). (*Id.*).

The court held a final pretrial conference on May 23, 2019, and set an initial trial date for June 24, 2019. (Order, ECF Nos. 68, 73.) On May 20, 2019, just days before the conference and about one month before trial was set to begin, Westfield filed its Motion for Leave to Intervene as a New Party Defendant pursuant to Rule 24(a), or alternatively Rule 24(b), of the Federal Rules of Civil Procedure. (ECF No. 72.) In its Motion, Westfield acknowledges that it "is providing Defendants with a defense in this lawsuit, pursuant to a reservation of rights, through a commercial insurance policy issued to Inn on the River's Edge bearing Policy No. CMM 7350470, which was in effect from January 1, 2016 through January 1, 2017," but Westfield asserts that it "may have no duty to indemnify defendants with regard to the claims asserted by Plaintiffs in the within action" depending on the outcome at trial. (*Id.* at 2.) Westfield argues that it must be allowed to intervene "to protect its [insurance] coverage defense." (*Id.*) But Westfield does not seek substantial

---

[2] For a detailed discussion of the facts and history of this case, see the court's prior summary judgment orders. (Orders, ECF Nos. 65, 67.)

involvement in the trial; it seeks only to submit interrogatories to the jury. (*Id.*)

Defendants sought a one-week extension of time to respond to Westfield's Motion, noting that Defendants' counsel "cannot respond to the Motion to Intervene as he is retained liability counsel, not coverage counsel. Marriott is retaining separate coverage counsel." (Def. Mot. at 1, ECF No. 74.) Although the court granted the extension, Defendants never filed a response to Westfield's Motion. However, Plaintiffs did file a response opposing Westfield's Motion and urging several grounds for denial, including that the scope of Westfield's policy coverage is clear, the question of coverage is unrelated to the issues at stake in this case, and Westfield's Motion was untimely and prejudicial. (Pl's Opp'n, ECF No. 76.)

Just before trial was scheduled to begin, and before the court ruled on Westfield's Motion, Plaintiffs filed a Motion to Continue the Trial Date due to Al-Menhali's poor health. (ECF No. 82.) Al-Menhali's treating physician ordered Al-Menhali, who lives in the United Arab Emirates, not to travel "until his condition improves," and recommended at least one month of rest and monitoring before allowing Al-Menhali to travel internationally. (*Id.* at 1.) The court granted Plaintiffs' Motion without objection and set a new trial date for September 10, 2019.

## II. LAW AND ANALYSIS

### A. Intervention as of Right Pursuant to Fed. R. Civ. P. 24(a)

Rule 24(a) entitles certain applicants to intervene in a lawsuit as of right. The Rule requires courts to allow a party to intervene if the party makes a timely motion and (1) a federal statute gives the party an unconditional right to intervene, or (2) the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). There is no federal statute authorizing Westfield to intervene as of right under Rule 24(a)(1). Accordingly, Westfield's asserted right must arise, if at all, under Rule 24(a)(2).

The Sixth Circuit requires a movant to satisfy four elements to establish a right to intervene under Rule 24(a): (1) the motion to intervene was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the movant's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). A failure to meet any one of the four factors "will require that the motion be denied." *Id.* at 780 (quoting *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989)).

As discussed below, the court finds that Westfield fails to meet its burden to establish any of the first three factors. Consequently, Westfield does not have a right to intervene under Rule 24(a).

### 1. Timeliness

As a threshold matter, a potential intervenor must make a timely motion to intervene. The Sixth Circuit has identified five factors that are relevant to determining timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990)). When conducting this analysis, "[n]o one factor is dispositive, and whether a motion is timely must be considered 'in the context of all relevant circumstances.'" *Howe v. City of Akron*, No. 06-cv-2779, 2015 WL 8180510, at *4 (N.D. Ohio Dec. 7, 2015) (quoting *Jansen*, 904 F.2d at 340).

Based on the relevant factors and context, the court finds that Westfield's Motion is not timely. The circumstance here is a case on the eve of trial and a motion to intervene filed more than two years after the lawsuit commenced. The Sixth Circuit has emphasized that "[t]he absolute

measure of time between the filing of the complaint and the motion to intervene is one of the least important" factors in determining timeliness. *Stupak-Thrall*, 226 F.3d at 475. But the court notes not just the length of time this case has been pending but the fact that, by assuming the defense for Defendants, Westfield has had knowledge of this litigation from the beginning. (Pl's Opp'n at 3–4, 5, ECF No. 76.) Accordingly, Westfield cannot claim surprise or lack of notice. Indeed, Westfield offers no explanation for its delay in seeking leave to intervene, nor does it address untimeliness in its Motion. (Mot. at 3–4, ECF No. 72.) Meanwhile, in the time before Westfield sought to intervene, "a lot of water . . . passed under . . . the litigation bridge." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 491 (6th Cir. 2014) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004)). As Plaintiffs note in their opposition to Westfield's Motion, "the parties are deep in trial preparation, . . . [and] [d]iscovery has long been completed." (Pl's Opp'n at 4, ECF No. 76.) At this late stage, and with little time left before trial, the court finds that the existing parties will be prejudiced by the introduction of new issues and a new party.

Thus, the first, third, and fourth factors all support a finding of untimeliness. The second factor also cuts toward untimeliness because, as discussed below, Westfield offers a very narrow purpose for its intervention, and intervening will not significantly vindicate Westfield's interest in contesting coverage under its policy. Finally, the fifth factor offers Westfield no support because there are no special factors militating for intervention. Consequently, the court concludes that Westfield's Motion is not timely.

### 2. Substantial Legal Interest

Determining substantiality "is necessarily a fact-intensive inquiry;" there is no clearly established definition of what interests justify intervention under Rule 24(a). *Howe,* 2015 WL 8180510, at *3 (quoting *Energy Coal Res., Inc. v. Paonia Res. LLC*, No. 08-cv-117, 2008 WL 5397179, at *2 (E.D. Ky. Dec. 24, 2008)). While the Sixth Circuit "'has opted for a rather expansive notion of the interest sufficient to invoke intervention of right,' . . . this does not mean that any

-5-

articulated interest will do." *Granholm*, 501 F.3d at 780 (quoting *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)). Rather, to warrant intervention under Rule 24(a), a potential intervenor "'must have a direct and substantial interest in the litigation,' such that it is a 'real party in interest in the transaction which is the subject of the proceeding.'" *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371–72 (6th Cir. 2014) (quoting *Grubbs*, 870 F.2d at 346).

Here, the court finds that Westfield has, at most, only a peripheral interest in the litigation. Westfield asserts that it "has an interest relating to the subject of the action, in that it is being requested to provide a defense, and ultimately, coverage, on behalf of defendants and/or to indemnify defendants for any damages that may be awarded to Plaintiffs." (Mot. at 3, ECF No. 72.) But this contention, which is the sole reason Westfield identifies to support its Motion, establishes neither a direct nor substantial interest in the subject matter at issue in this case. Westfield's concern extends only to the amount it will have to pay under the insurance policy if Plaintiffs win at trial, which is a question of insurance coverage that is wholly distinct from the question of Defendants' liability for damages allegedly caused by their discriminatory and negligent conduct. *See Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 11-cv-1074, 2012 WL 645996, at *1–2 (N.D. Ohio Feb. 28, 2012) (citing *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989); *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products*, 725 F.2d 871, 873 (2nd Cir. 1984)).

Moreover, Westfield's interest is entirely contingent on future events. It depends first on whether Plaintiffs succeed at trial and then on a subsequent determination of Westfield's duties under the insurance policy. This type of contingent interest lacks a sufficient nexus to the subject matter of the litigation, and therefore fails to satisfy the requirements for intervention as of right. *See Infrasource Const. Serv., LLC v. E&M Piping, LLC*, No. 12-cv-261, 2012 WL 13026852, at *5 (N.D. Ohio Sept. 27, 2012) ("[W]here an insurer defends under a reservation of rights, their interest in the underlying lawsuit is contingent upon the outcome of the suit, and that interest, without more, is insufficient for intervention."); *see also Siding & Insulation*, 2012 WL 645996, at *2.

### 3. Ability to Protect Interest

Assuming *arguendo* that Westfield has an interest in the subject matter at issue in this case, Westfield could adequately protect that interest absent intervention. Westfield cites *Howell v. Richardson*, 544 N.E.2d 878 (Ohio 1989), as the basis for claiming that intervention is necessary to protect its interests. In *Howell*, the Ohio Supreme Court held that, if an insurer declines to participate in a lawsuit determining its insured's liability, collateral estoppel precludes the insurer from relitigating liability in a subsequent lawsuit to determine insurance coverage. *Id.* at 367–68. But as Westfield acknowledges (Mot. at 5, ECF No. 72), the Ohio Supreme Court later clarified the scope of *Howell*, explaining that, "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007); *see also Infrasource*, 2012 WL 13026852, at *8. So by virtue of its attempt to intervene in this case, Westfield has already protected its interests.

In any event, the court tends to use special verdict forms. Although Westfield's Motion includes no proposed interrogatory language and no suggestion of how the interrogatories would operate at trial, Westfield appears chiefly concerned with the potential of a jury finding that Defendants acted intentionally. (*See* Mot. at 2, ECF No. 72.) Yet it is clear that most of the remaining claims going to trial are grounded in negligence and can be easily sorted out. (*See* Pl's Opp'n at 2, ECF No. 76.) Moreover, the court's use of special verdict forms ensures that the basis of the jury's decision will be clear, which should address Westfield's apparent concerns. *See Siding & Insulation*, 2012 WL 645996, at *2 (noting use of special verdict forms rendered proposed justification for intervention "thin").

### B. Permissive Intervention Pursuant to Fed. R. Civ. P. 24(b)

Rule 24(b) governs permissive intervention and provides, in relevant part, that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). To intervene under this

rule, "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If a proposed intervenor establishes these two requirements, the court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

The court finds that Westfield cannot establish these factors, and therefore permissive intervention is not appropriate. As discussed above, the court concludes that Westfield's Motion is not timely and that Westfield lacks a substantial interest in the main action going to trial.

### III. CONCLUSION

For the foregoing reasons, the court denies Westfield's Motion for Leave to Intervene as a New Party Defendant under Federal Rules of Civil Procedure 24(a) and 24(b). (ECF No. 72).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 4, 2019