UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AL-MENHALI, *et al.*, | ) | Case No.: 1:17 CV 1089 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are the following motions *in limine*: Defendants Alexis Silva ("Silva") and Laura Acton-Bell's ("Acton-Bell") (collectively, "Employee Defendants") Motion *in Limine* to Exclude Treating Physicians (ECF No. 77); Defendants Marriott International, Inc. ("Marriott"); Inn on the River's Edge, L.P. ("River's Edge"); and Fairfield Inn & Suites Avon's ("Fairfield Inn") (collectively, "Hotel Defendants") Motion *in Limine* to Exclude Testimony of Treating Physicians (ECF No. 80); and Plaintiffs Ahmed Al-Menhali ("Al-Menhali") and Taghrid Milki's (collectively, "Plaintiffs") Motion *in Limine* to Preclude Evidence, Argument, or Testimony (ECF No. 81).

For the following reasons, the court denies Employee Defendants' Motion *in Limine* to Exclude Treating Physicians, the court denies Hotel Defendants' Motions *in Limine* to Exclude Testimony of Treating Physicians, and the court grants in part and denies in part Plaintiffs' Motion to Preclude Evidence, Argument, or Testimony.

The court also acknowledges several other pending motions, including Defendants' Joint Motion *in Limine* Regarding Media Coverage (ECF No. 79) and Plaintiffs' Motion *in Limine* Concerning Apportionment of Damages to Police Defendants (ECF No. 100). Those motions will be addressed in a separate order.

## I. BACKGROUND

On May 24, 2017, Plaintiffs filed this civil action against the Employee and Hotel Defendants,[1] alleging state law claims related to an incident which occurred at Fairfield Inn in Avon, Ohio, on June 29, 2016, resulting in Al-Menhali's seizure by police officers of the City of Avon. A more detailed account of the background of this case is provided in the court's Order of March 29, 2019, granting in part and denying in part Employee Defendants and Hotel Defendants' separate motions for summary judgment. (Order, ECF No. 67.)

On June 10, 2019, Employee Defendants and Hotel Defendants filed separate motions *in limine* to exclude testimony from Al-Menhali's treating physicians. (Employee Defs.' Mot., ECF No. 77; Hotel Defs.' Mot., ECF No. 80.) Though Defendants filed separate motions, the motions contain similar arguments and virtually identical language. Plaintiffs filed a consolidated response opposing both motions on July 4, 2019. (Pl's Opp'n, ECF No. 86.) Defendants then submitted a joint reply on July 9, 2019. (Defs.' J. Reply, ECF No. 88.)

In a consolidated motion also filed on June 10, 2019, Plaintiffs submitted the following three motions *in limine*: (1) Motion to Preclude Evidence, Argument, or Testimony Concerning September

---

[1]     Plaintiffs also filed federal and state law claims against officers of the City of Avon Police Department. On February 20, 2018, the Avon Defendants filed their Motion for Summary Judgment (ECF No. 34), which the court granted. (*See* Order, ECF No. 65.)

11, 2001, the War on Terror, and Any Specific Act of Terrorism; (2) Motion to Preclude Evidence, Argument, or Testimony Concerning Grand Jury No Bill and No Criminal Prosecution of Employee Defendants; and (3) Motion to Preclude Evidence, Argument, or Testimony Concerning Plaintiffs' Claims against Avon Police Officer Witnesses and Summary Judgment in their Favor. (Pl's Mot., ECF No. 81.) On July 3, 2019, Defendants opposed Plaintiffs' Motion in separate responses. (Employee Defs.' Opp'n, ECF No. 84; Hotel Defs.' Opp'n, ECF No. 85.)

## II. LAW AND ANALYSIS

### A. Defendants' Motions to Exclude Treating Physicians

Defendants seek an order precluding Plaintiffs from presenting at trial any testimony from Al-Menhali's treating physicians, Dr. Pilar Lachhwani, Dr. M. Hazem Nouraldin, and Dr. Samer Alamir. (Employee Defs.' Mot., ECF No. 77; Hotel Defs.' Mot., ECF No. 80.) Defendants advance two primary arguments to exclude the treating physicians. First, Defendants argue that the physicians fall under Fed. R. Civ. P. 26(a)(2)(B), which requires parties to disclose expert witnesses accompanied by a written report. Defendants contend that, given Al-Menhali's complex medical history and preexisting conditions, establishing causation at trial will require the physicians to offer expert opinion beyond their personal knowledge of the treatment they provided. (*See* Defs.' J. Reply at 3–4, ECF No. 88.) Accordingly, Defendants assert that the physicians must be considered experts and urge the court to exclude the physicians' testimony because Plaintiffs did not comply with Fed. R. Civ. P. 26(a)(2)(B). (Employee Defs.' Mot. at 2–3, ECF No. 77; Hotel Defs.' Mot. at 2, 7, ECF No. 80.) Alternatively, Defendants argue that, at minimum, the physicians fall under Fed. R. Civ. P. 26(a)(2)(C), which applies to experts who are not required to submit a written report. Under this subsection, a party must disclose the "subject matter on which the witness is expected to present

evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Defendants assert that Plaintiffs failed to comply with Fed. R. Civ. P. 26(a)(2)(C)'s disclosure requirements because Plaintiffs did nothing more during discovery than produce Al-Menhali's medical records and make generic references to his treating physicians. (*See* Employee Defs.' Mot. at 3–6, ECF No. 77; Hotel Defs.' Mot. at 3–6, ECF No. 80.)

Plaintiffs counter that they complied with the disclosure requirements under Fed. R. Civ. P. 26(a) or that any failure to do so was harmless. They argue that Fed. R. Civ. P. 26(a)(2)(B) is inapplicable because "Plaintiffs did not specifically retain their treating doctors to offer testimony in this case; rather, they seek to admit the testimony of these doctors to describe treatment and diagnosis." (Pl's Mot. at 2, ECF No. 86.) Plaintiffs also maintain that they satisfied Fed. R. Civ. P. 26(a)(2)(C) by producing Al-Menhali's medical records and informing Defendants that Plaintiffs intend to call the treating physicians at trial. (*Id.* at 2–3.) Alternatively, Plaintiffs argue that any failure to disclose was harmless and caused Defendants to suffer no prejudice. (*Id.* at 3–4.)

Assuming Defendants' argument that Plaintiffs have not met the disclosure requirements is well-taken, the court finds that excluding Plaintiffs' treating physicians is neither necessary nor appropriate. Sixth Circuit precedent makes clear that treating physicians generally are exempt from submitting a written report so long as their testimony stays within the opinions formed in the course of treatment. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869–70 (6th Cir. 2007). Here, Plaintiffs' treating physicians do not seek to testify about matters outside the scope of treatment they provided to Al-Menhali. As Plaintiffs assert in their opposition (Pl's Opp'n at 2, ECF No. 86), and Defendants acknowledge in their Joint Reply (Defs. J. Reply at 2–3, ECF No. 88), Al-Menhali's treating physicians do not intend to offer any expert opinion. Consequently, the physicians are

properly classified as treating physicians rather than expert witnesses under Fed. R. Civ. P. 26(a)(2)(B).

However, the court does find that Plaintiffs failed to provide adequate disclosure under Fed. R. Civ. P. 26(a)(2)(C). Numerous courts have found that a plaintiff violates Fed. R. Civ. P. 26(a)(2)(C) when the disclosures regarding treating physicians amount to "'dump[ing]' medical records on the defendant." *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F. Supp. 3d 874, 877 (S.D. Ohio 2018) (quoting *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *2 (E.D. Mich. Apr. 12, 2016)). Plaintiffs did just that by merely producing Al-Menhali's medical records and then shifting the burden to Defendants to sift through those records to identify the treating physicians that might be called at trial. Consistent with the great weight of existing case law, the court finds that Plaintiffs' actions provided inadequate disclosure. *See Carrillo v. B & J Andrews Enterprises, LLC*, No. 11-CV-1450, 2013 WL 394207, at *5 (D. Nev. Jan. 29, 2013) (collecting cases).

Despite any failure by Plaintiffs to properly disclose under Fed. R. Civ. P. 26(a)(2)(C), it is not necessary to exclude the treating witnesses. Ordinarily, the penalty for violating Fed. R. Civ. P. 26(a)'s disclosure requirements is exclusion of the witness or evidence. Fed. R. Civ. P. 37(C). But such a drastic penalty is not warranted here because the defects in Plaintiffs' disclosure were harmless. Fed. R. Civ. P. 37(C)(1) (providing that exclusion is not required where "the failure was substantially justified or is harmless"). Defendants have long known the identity of Al-Menhali's treating physicians. Indeed, the parties had already scheduled depositions for each of the three treating physicians before Defendants filed their motions *in limine*. (Pl's Opp'n at 3–4, ECF No. 86.) Since then, the depositions have been rescheduled or completed (*See* Notice of Filing Dep. Tr. of Dr. Samer Alamir, ECF No. 89; Notice to Take Dep. of Dr. Hazem Nouraldin, ECF No. 93; Notice of

-5-

Filing Dep. Tr. of Pilar Lachhwanni, ECF No. 96.) Accordingly, Defendants cannot claim unfair surprise or significant prejudice. Moreover, the court can cure any lingering threat of prejudice by limiting the scope of the treating physicians' testimony to the information contained within Al-Menhali's medical records.

This result is consistent with the approach adopted in other cases, including several that Defendants cite in their motions. *See Carrico v. Lewis Tree Serv., Inc.*, No. 15-CV-25, 2016 WL 6459599, at *3–4 (E.D.N.C. Oct. 31, 2016) (allowing treating physician testimony because disclosure imperfections were harmless and "defendant improperly laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony") (citation omitted); *Marr v. Abercrombie & Fitch Stores, Inc.*, No. 14-CV-00123, 2015 WL 3827326, at *6 (E.D.N.C. June 19, 2015) (finding disclosure imperfections were harmless); *see also Carrillo*, 2013 WL 394207, at *7 (allowing treating physician testimony, but limiting scope "to the subject matter of the [the physician's] treatment as disclosed in the medical records and to opinions formed in the course of treatment"). Thus, Defendants' Motions *in Limine* to Exclude Treating Physicians are denied.

### B. Plaintiffs' Motion to Preclude Evidence, Argument, or Testimony

Plaintiffs seek an order precluding Defendants from submitting evidence, argument, or testimony regarding: (1) September 11, 2001, the War on Terror, or any specific act of terrorism; (2) the non-prosecution of Employee Defendants; (3) and the court's Order granting summary judgment in favor of the Avon Defendants.

For the following reasons, the court denies Plaintiffs' Motion regarding September 11, 2001, the War on Terror, or any specific act of terrorism; and the court grants Plaintiffs' Motion regarding

the non-prosecution of Employee Defendants. However, the court does not express any opinion about Plaintiffs' Motion regarding summary judgment in favor of the Avon Defendants. The court will address that Motion in a separate order.

### 1. September 11, 2001, the War on Terror, or Specific Acts of Terrorism

Plaintiffs ask the court to prohibit any reference to terrorism at trial because "[t]errorism is a complicated and emotionally-laden term." (Pl's Mot. at 2, ECF No. 81.) The basis for Plaintiffs' Motion is their assertion that any probative value of evidence regarding terrorism is substantially outweighed by the risk of prejudice to Plaintiffs, and therefore such evidence should be excluded under Fed. R. Evid. 401, 402, 403. (*Id.*) Defendants oppose Plaintiffs' "hugely sweeping, broadly worded request" (Employee Defs.' Opp'n at 1, ECF No. 84), arguing that Defendants themselves raised the issue of terrorism in their Complaint by alleging that Silva accused Al-Menhali of being a member of ISIS. (Hotel Defs.' Opp'n at 1, ECF No. 85; *see also* Complaint at 3, ECF No. 1.) Accordingly, Defendants assert that eliminating "all evidence of all things which could be related to terrorism in general is to ignore the clear facts of the case, including the mindset under which Defendants . . . were operating at the time of this incident." (Employee Defs.' Opp'n at 2, ECF No. 84.)

The court finds that Employee Defendants' alleged belief that Al-Menhali was a member of a terrorist group is plainly relevant. While the court will not permit Defendants to introduce unnecessary and irrelevant evidence regarding terrorism generally, Plaintiffs have not offered sufficient justification for the blanket prohibition they seek under Fed. R. Civ. P. 403. As Employee Defendants note (Employee Defs.' Opp'n at 2, ECF No. 84), any potential prejudice to Plaintiffs can be alleviated with a curative instruction from the court. Plaintiffs' Motion to Preclude Evidence,

Argument, or Testimony Concerning September 11, 2001, the War on Terror, or Any Specific Act of Terrorism therefore is denied.

## 2. Non-Prosecution of Employee Defendants

In their Motion, Plaintiffs argue that evidence "about the non-prosecution of [Employee] Defendants would serve no purpose other than to confuse and mislead the jury and unfairly prejudice the jury." (Pl's Mot. at 3, ECF No. 81.) In particular, Plaintiffs cite the difficulty a jury would have juggling the different burdens of proof required in criminal and civil proceedings and the threat that jurors will misinterpret acquittal as a definitive judgment of innocence. (*Id.*)

Defendants offer little opposing case law in response. The few cases Employee Defendants cite are either inapplicable here or provide support for Plaintiffs' Motion. Defendants' arguments amount to an assertion that the grand jury's No Bill with regard to Silva and the non-prosecution of Acton-Bell are relevant because one or both of the Employee Defendants may invoke their right against self-incrimination at trial. However, Defendants provide sparse support for their arguments, which the court finds outweighed by countervailing considerations.

Generally, evidence of a criminal acquittal or non-prosecution decision is not admissible at a later civil proceeding. *See Kentucky v. Louis Trauth Dairy, Inc.*, 145 F.3d 1330 (Table), 1998 WL 199717, at *3 (6th Cir. 1998) (citing *McKinney v. Galvin*, 701 F.2d 584 (6th Cir.1983)). Judgments acquitting a criminal defendant are inadmissible hearsay. *United States v. Castro-Ramirez*, 461 F. App'x 467, 469 (6th Cir. 2012). Moreover, the fact of acquittal or a prosecutor's decision not to pursue a charge is irrelevant in a subsequent civil trial because "it does not prove the defendant's innocence, but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *Louis Trauth Dairy*, 1998 WL 199717,

at *3 (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984)). Accordingly, Plaintiffs' arguments are well-taken, and Plaintiffs' Motion to Preclude Evidence, Argument, or Testimony Concerning Grand Jury No Bill and No Criminal Prosecution of Defendants is granted at this time, in a context where it has not been established that either Silva or Acton-Bell will take the Fifth at trial because, after more than three years have elapsed since the date of the incident, they no longer face a realistic probability of future criminal charges.

### III. CONCLUSION

For the foregoing reasons, the court denies Employee Defendants' Motion *in Limine* to Exclude Treating Physicians (ECF No. 77) and Hotel Defendants' Motion *in Limine* to Exclude Testimony of Treating Physicians (ECF No. 80). The court also grants in part and denies in part Plaintiffs' Motion *in Limine* to Preclude Evidence, Argument, or Testimony (ECF No. 81).

IT IS SO ORDERED.


/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE


September 5, 2019