UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AL-MENHALI, *et al.*, | ) | Case No.: 1:17 CV 1089 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case are two motions *in limine* filed by Plaintiffs Ahmed Al-Menhali ("Al-Menhali") and Taghrid Milki (collectively, "Plaintiffs"): Motion to Preclude Evidence, Argument, or Testimony Concerning Plaintiffs' Claims against Avon Police Officer Witnesses and Summary Judgment in their Favor ("Motion Concerning Summary Judgment") (ECF No. 81); and Motion Concerning Apportionment of Damages to Police Defendants ("Motion Concerning Apportionment") (ECF No. 100). For the following reasons, the court denies in part and grants in part Plaintiffs' Motion Concerning Summary Judgment. However, the court denies Plaintiffs' Motion Concerning Apportionment.

## I. BACKGROUND

Plaintiffs initiated this lawsuit on May 24, 2017, after an incident which occurred at Fairfield Inn in Avon, Ohio, on June 29, 2016, resulting in Al-Menhali's seizure by police officers of the City of Avon. The Complaint lists Alexis Silva ("Silva") and Laura Acton-Bell ("Acton-Bell") (collectively, "Employee Defendants"); Marriott International, Inc. ("Marriott"), Inn on the River's

Edge, L.P. ("River's Edge"), and Fairfield Inn & Suites Avon ("Fairfield Inn") (collectively, "Hotel Defendants"); and Lieutenant Dan Fischbach, Officer Csaba Hortobagyi, Officer Chris Barton, Officer Nick Sidor, Officer Richard Smith, Officer Troy Goscewski, and the City of Avon (collectively, "Avon Defendants") as defendants. A more detailed account of the event giving rise to this case is provided in the court's Orders of September 25, 2018, and March 29, 2019. (Orders, ECF Nos. 65, 67.)

On February 20, 2018, Avon Defendants filed their Motion for Summary Judgment (Avon Defs.' Mot. Summ. J., ECF No. 34), which the court granted. (*See* Order, ECF No. 65.) Although the court found that Avon Defendants conducted an unlawful arrest and used excessive force when they detained Al-Menhali, thereby violating Al-Menhali's constitutional rights, the court also found that the law was not clearly established on June 29, 2016, when the incident in question occurred. (*Id.*) Consequently, the court found that Avon Defendants were entitled to qualified immunity and granted summary judgment in their favor. (*Id.*)

Employee Defendants and Hotel Defendants also sought summary judgment in separate motions filed on June 15, 2018 (Employee Defs.' Mot. Summ. J., ECF No. 41; Marriott's Mot. Summ. J., ECF No. 42; River's Edge and Fairfield Inn's Mot. Summ. J., ECF No. 43). The court issued an Order on March 29, 2019, denying in part and granting in part Defendants' Motions. (Order, ECF No. 67.) Following the court's Order, several of Plaintiffs' alleged claims against Employee Defendants and Hotel Defendants remained for trial.

On June 10, 2019, Plaintiffs filed a consolidated motion that included three separate motions *in limine*. (ECF No. 81.) The court decided two of those motions in its Order of September 5, 2019 (Order, ECF No. 125), which left only Plaintiffs' Motion Concerning Summary Judgment to be

-2-

resolved. Plaintiffs' Motion Concerning Summary Judgment seeks to exclude any testimony regarding the court's Order granting summary judgment for Avon Defendants. (Pl's Mot. Concerning Summ. J. at 3–4, ECF No. 81.) In a response filed on July 3, 2019, Hotel Defendants asserted that they "have no plans to advise the jury that the Avon Police Officers were granted summary judgment," however, they "reserved the right" to do so depending on the evidence and arguments Plaintiffs present at trial. (Hotel Defs.' Opp'n at 4, ECF No. 85.) Employee Defendants did not directly respond to Plaintiffs' Motion Concerning Summary Judgment. (*See* Employee Defs. Opp'n, ECF No. 84.)[1] However, in Defendants' Joint Brief in Opposition to Plaintiffs' Motion Concerning Apportionment, Defendants indicate that they "will seek an instruction from the court consistent with the prior ruling on the summary judgment." (Defs.' J. Br. Opp'n at 7, ECF No. 102.)

Plaintiffs also seek an order precluding Defendants from raising an apportionment of damages argument at trial. On August 29, 2019, Plaintiffs filed a motion to quash Defendants' subpoena to take a trial deposition of Plaintiffs' police practices expert, Howard Rahtz. (Pl's Mot. to Quash, ECF No. 100.) The court granted Plaintiffs' motion to quash on September 3, 2019. (Order, ECF No. 114.) Along with the motion to quash, Plaintiffs also included their Motion Concerning Apportionment (Pl's Mot. Concerning Apportionment, ECF No. 100), which the court did not address in its prior order. Defendants filed a Joint Brief in Opposition to Plaintiffs' Motion Concerning Apportionment on August 30, 2019. (Defs.' J. Br. Opp'n, ECF No. 102.)

---

[1] In their opposition, Employee Defendants opposed other motions *in limine* that Plaintiffs filed on June 10, 2019, but Employee Defendants did not address Plaintiffs' Motion Concerning Summary Judgement.

## II. LAW AND ANALYSIS

### A. Motion Concerning Summary Judgment

Plaintiffs seek an order preventing evidence, argument, or testimony that Plaintiffs named Avon Defendants in the Complaint and that the court granted summary judgment in favor of Avon Defendants based on qualified immunity. (Pl's Mot. Concerning Summ. J. at 3–4, ECF No. 81.) In their Motion, Plaintiffs argue that such evidence is "irrelevant" and "would inject unnecessarily confusing factual and legal issues to the jury completely unrelated to any claim the jury will be tasked to consider" at trial. (*Id.* at 4.) Accordingly, Plaintiffs ask the court to exclude the evidence under Fed. R. Evid. 401, 402, and 403 because its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiffs. (*Id.*)

The court agrees with Plaintiffs that evidence of, or reference to, the court's Order granting summary judgment for Avon Defendants would risk jury confusion and unfair prejudice to Plaintiffs. *See* Fed. R. Evid. 403. Moreover, the court finds that evidence of, or reference to, summary judgment in favor of Avon Defendants is not relevant to the questions of damages and liability that are proceeding to trial because the court's Order turned on the distinct question of qualified immunity. (*See* Order, ECF No. 65.) To the extent it becomes relevant—that is, to explain to the jury why Avon Defendants are not present—the parties may reference the court's finding that Avon Defendants are entitled to qualified immunity. (*See* Order, ECF No. 65.) However, before making such reference, the parties must obtain express approval from the court. Further, the parties may not use the court's Order granting summary judgment in favor of Avon Defendants as evidence of constitutional violations caused by Avon Defendants or for any purpose related to proving liability. (*See id.*) Accordingly, the court denies in part and grants in part Plaintiffs' Motion Concerning Summary Judgement.

**B. Motion Concerning Apportionment**

Defendants intend to assert the affirmative defense that liability for damages, if any, must be apportioned to all parties who are responsible for the harm, including Avon Defendants. (*See* Defs.' Am. Notice of Intent to Seek Apportionment of Damages, ECF No. 98; Defs.' J. Br. Opp'n at 6–7, ECF No. 102.) Plaintiffs oppose this apportionment defense and filed their Motion Concerning Apportionment seeking to prevent Defendants from presenting evidence to the jury regarding apportionment of liability. Plaintiffs argue that "evidence or arguments concerning the [Avon] Defendants' former role as defendant-parties to this case and their dismissal via summary judgment will be confusing and misleading for the jury" and will cause irreparable injury to Plaintiffs. (Pl's Mot. Concerning Apportionment at 10, ECF No. 100.)

While Plaintiffs' may have a valid concern about jury confusion, Ohio law permits defendants in tort cases to assert apportionment of liability as an affirmative defense. *See* Ohio Rev. Code §§ 2307.22–23. Any defendant found liable for more than fifty percent of the tortious conduct is jointly and severally liable for all damages, while a defendant found responsible for fifty percent or less of the tortious conduct is liable only for their proportionate share of the damages. Ohio Rev. Code § 2307.22(A)(1)–(2). The defense allows defendants to seek apportionment of liability with non-parties even if those non-parties are "entitled to immunity or . . . otherwise could not be made a party" to the case. *Fisher v. Beazer E., Inc.*, No. 99662, 2013 WL 6221367, at *7 (Ohio Ct. App. Nov. 27, 2013). Thus, under Ohio law, Employee Defendants and Hotel Defendants are entitled to "raise the 'empty chair'" and seek apportionment of liability with Avon Defendants even though Avon Defendants are entitled to qualified immunity. *Id.* at *8. Accordingly, Plaintiffs' Motion Concerning Apportionment is denied.

But as discussed above, the court emphasizes that Defendants may not use the court's

summary judgment Order in an effort to establish Avon Defendants' liability. (*See* Order, ECF No. 65.) Defendants must instead make their own case at trial through the presentation of relevant, admissible evidence.

### III. CONCLUSION

For the foregoing reasons, the court denies in part and grants in party Plaintiffs' Motion Concerning Summary Judgment. (ECF No. 81.); and the court denies Plaintiffs' Motion Concerning Apportionment. (ECF No. 100.)

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 6, 2019