# UNITED STATES DISTRICT COURT
# NORTHERN DIVISION OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AL-MENHALI, et al. | ) | CASE NO.  1:17 CV 1089 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS RESPONSE TO** |
| MARRIOTT INTERNATIONAL, INC., et al. | ) | **PLAINTIFF'S OBJECTIONS TO** |
| | ) | **EXHIBITS A-Q** |
| | ) | |
| Defendants | ) | |

Now come Defendants Laura Acton-Bell and Alexis Silva, and file their response to Plaintiff's objections to Exhibits A-Q.

During the cross examination of Dr. Pilar Lachhwani, Defendants utilized exhibits A-Q, which were medical records reflecting treatment Plaintiff received at the Cleveland Clinic Abu Dhabi.  This is the same facility where Dr. Lachhwani practiced.  In fact, this was the clinic which generated the referral for psychiatric treatment.

Despite this Court's pretrial order, Plaintiffs have not formally filed any objection to the use of these exhibits.  However, the objection has been discussed amongst counsel and with the Court.  While Defendants have not been provided with any case law or reference to Rules of Procedure or Evidence, it is understood that Plaintiffs object on the ground that the records are hearsay.

    A. <u>The Records Are Not Hearsay</u>

Pursuant to Fed.R.Ev 803, the records are not hearsay:

**(3) Then-Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

**(4) Statement Made for Medical Diagnosis or Treatment.** A statement that:
    **(A)** is made for--and is reasonably pertinent to--medical diagnosis or treatment; and
    **(B)** describes medical history; past or present symptoms or sensations; their inception; or their general cause.

**6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
    **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
    **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
    **(C)** making the record was a regular practice of that activity;
    **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
    **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Clearly, the records reflect plaintiff's emotional, sensory, or physical condition, all of which are at direct issue in this case. The records contain plaintiff's subjective statements made with respect to his medical diagnoses and treatment, and describe medical history, which is directly at issue in this case. The records were made at the time of treatment, are kept in the course of business, per the regular practice of that business. (Lachhwani p. 42) Prior to trial, the parties stipulated as to the authenticity of the records. Further, Dr. Lachhwani testified that she had no reason to doubt the accuracy of the records. (Lachhwani p. 53, 67)

B. <u>The Records Are Proper for Cross Examination</u>

Fed.R. 611 (B) provides that matters affecting witness credibility are within the proper scope of cross examination. In this case, Defendants used the subject exhibits to cross examine Dr. Lachhwani as to matters affecting her credibility. The witness admitted that the symptoms she noted in December 2015 and March 2016 were also noted in prior records. (Lachhwani p. 62, 64)  On direct examination, the witness testified that the standard protocol for examining a patient such as Plaintiff included "review the medical records, that we have at hand, and then we see the patient, elicit some information from the patient.  We get collateral information from relatives and any other outside providers, if any". (Lachhwani p. 12)  Thus the fact that the witness failed to follow her own protocol by not examining all available treatment records is a proper subject for cross examination.

> The case of King Joseph v. Liberty is instructive:
>
> Plaintiff seeks to exclude any reference or suggestion that Plaintiff has had unrelated, prior, or subsequent claims, suits, or settlements or the amounts thereof. Further, Plaintiff once again seeks to exclude any reference or suggestion that Plaintiff has any other unrelated injuries, diseases, conditions, or illness, or the effects thereof, which are wholly disassociated from and do not relate to defense of the present claim.
>
> Defendant objects arguing that Plaintiff's other personal injury claims, accidents, and injuries are relevant and probative on the issue of injury causation and witness credibility.
>
> Plaintiff's personal injury claim and recovery against the tortfeasor for the 2014 automobile accident is not relevant to injury causation or credibility, and the Court will not permit the Defendant to question any witnesses about the previous claim. However, as noted above, the fact that Plaintiff was being treated for similar injuries from another automobile accident and the argument by defense counsel that the injuries claimed in this action were actually pre-existing are proper matters for cross-examination of Plaintiff and his treating physician.

*King Joseph X v. Liberty Mut. Grp., Inc.*, No. 3:16CV-00642-JHM, 2018 WL 691709, at *5–6 (W.D. Ky. Feb. 1, 2018)

Further, treating physicians may testify about all records "up to and including" the treatment by that doctor. *Patterson v. Wayne,* 259 FRD 286; *Potvin v. Westland Police Dept.*, 2007-WL-1975045. Thus, the same records are subject for use during cross examination. In the present case, the records used as exhibits A-Q are treatment records up to and including the treatment by Dr. Lachhwani, dating October 2015 through April 2016.

Based on the foregoing, Defendants request the Court to Overrule Plaintiff's Objections to Exhibits utilized during the cross examination of Dr. Pilar Lachhwani.

Respectfully submitted,

*/s/ Craig G. Pelini*
Craig G. Pelini (#0019221)
Kristen E. Campbell Traub (#0066452)
Pelini, Campbell & Williams, LLC
8040 Cleveland Ave., NW, Suite 400
North Canton, OH  44720
Telephone:  (330) 305-6400
Facsimile:   (330) 305-0042
E-mail:  cgp@pelini-law.com
Counsel for Defendants
Alexis Silva and Laura Acton-Bell

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Craig G. Pelini*
Craig G. Pelini (#0019221)

S:\4137\2720\Def Rsp to Pltf Objections to Exhibits A-Q.docx